Neresheimer *v.* Bowe.

(Decided December 4th, 1882.)

The provision of section 600 of the Code of Civil Procedure for the relief of bail where a defendant, "after his discharge upon bail, is imprisoned either within or without the state upon a criminal charge," &c., applies only after a discharge upon bail in such a manner as relieves the sheriff from liability; and where the bail of a defendant who has been arrested, when excepted to, do not justify, and the defendant escapes to another state, and is there imprisoned upon conviction of a criminal offense, the sheriff, although liable as bail, is not entitled to relief as bail under that section.

APPEAL from an order of this court denying a motion by the sheriff for relief from liability as bail.

The complaint in this action—after alleging the commencement of an action in the Marine Court by this plaintiff

against one Charles E. Auchise, in which action an order of arrest was issued directed to the defendant in this action, whereby he was ordered to arrest the said defendant Auchise and hold him to bail in the sum of $1,500, and that thereupon this defendant duly arrested the said Auchise and served upon him the summons and complaint and other papers in said action ; and that the defendant Auchise duly appeared and answered in said action, and such proceedings were thereupon had that on the 12th of November, 1881, the plaintiff duly recovered a judgment therein against said Auchise : that the judgment roll was duly filed in the office of the clerk of said Marine Court, and a transcript thereof duly filed and the judgment duly docketed in the office of the clerk of the City and County of New York, and that afterwards an execution against the property of said Auchise was duly issued upon said judgment to the defendant sheriff, which was afterwards duly returned wholly unsatisfied ; and that afterwards an execution against the person of said Auchise upon said judgment was duly issued to said sheriff and has been duly returned by said sheriff not found—further alleges upon information and belief that after said Auchise was so arrested as aforesaid by the defendant herein, *and without being discharged upon bail and before bail had been furnished by said Auchise, he, the said Auchise escaped from the said defendant sheriff; that after said arrest and escape,* the defendant herein served upon the attorneys for plaintiff in said action a paper purporting to be a copy undertaking upon an order of arrest: that thereupon plaintiff caused due notice to be served upon said defendant sheriff that he did not accept the bail so as aforesaid claimed to have been offered by said Auchise, and that said alleged bail did not justify and no notice of their justification was served upon plaintiff or his attorney, and that by reason of the premises defendant became liable to plaintiff in the sum of $1,500.

The defendant in this action thereupon made a motion to this court for an order exonerating the defendant as bail or for such an order for the relief of the defendant as bail as

justice required and for such other or further order as the court might see fit to grant.

The papers upon this motion show, taking the most favorable view of the same for the defendant, that the said Auchise was arrested and that an undertaking on arrest was executed to the sheriff by two sureties, who thereupon discharged the said Auchise from custody, and the said Auchise left the State of New York for the State of California : that the plaintiffs excepted to the sufficiency of the sureties in said undertaking and said sureties did not justify nor did they attempt to do so : that at the City of San Francisco, in September, 1881, the said Auchise was tried, convicted and sentenced to four years imprisonment for a felony and that he was at the time of the making of the motion serving out said sentence.

The court denied the motion, and from the order thereupon entered, the defendant appealed.

*Edward W. Crittenden*, for appellant.—The motion was within the letter and spirit of section 600 of the Code of Civil Procedure. The defendant is sued on an alleged liability as bail (Code Civ. Pro. § 587). Where the sheriff is liable as bail, he has all the rights and privileges of bail (Id. § 595). The question is whether, under the circumstances of the case, the bail, whether the sheriff or any other person, should not be relieved.

Before the Code, it was customary to exonerate bail in like circumstances : where a prisoner was arrested on a charge of forgery, and detained in prison (*Biggnell* v. *Forrest*, 2 Johns. 482); where there was imprisonment for life (*Cathcart* v. *Cannon*, 1 Johns. Cas. 28); where prisoner had been convicted in Vermont for passing counterfeit money (*Loflin* v. *Fowler*, 18 Johns. 335). The Code has not changed the ground upon which exoneration may be granted (*Bank of Geneva* v. *Reynolds*, 12 Abb. Pr. 81).

Even if an exoneration be denied, other relief may be afforded : the time to surrender may be enlarged (*Phœnix*

Neresheimer v. Bowe.

*Fire Ins. Co.* v. *Mowatt,* 6 Cowen 599 ; *Bank of Geneva* v. *Reynolds, supra*).

*Benjamin H. Bayliss,* for respondent.—Under section 587 of the Code, Auchise having escaped, the sheriff became liable as bail ; and he did not discharge himself from that liability by the giving and justification of bail.

Being thus liable, he could not avail himself of the rights and privileges of bail, under section 595 ; that section does not apply " to a case where a defense arises to an action against the bail in consequence of an act or omission of the sheriff."

The relief sought under section 600 can be granted only when the defendant in the original action is imprisoned on a criminal charge " after his discharge upon bail ; " this means such bail as releases the sheriff from liability, which is only upon their justification.

VAN BRUNT, J.—[After stating the facts as above.]—In the above statement of facts I have merely alluded to the conceded facts of the case.

The questions raised upon the papers as to the manner in which the bail was taken have not been mentioned, the same being immaterial in view of the conclusion which has been arrived at upon the law as applicable to the conceded facts.

It is urged upon the part of the appellant that as the sheriff is liable as bail he has all the rights and privileges of bail, and that it was customary to exonerate bail under like circumstances. The provisions of the Code, however, do not seem to contemplate that the sheriff shall be exonerated under circumstances like those above stated.

Section 587 of the Code provides that "if after the defendant is arrested he escapes or is rescued, or the bail, if any, given by him, do not justify, when they are not accepted . . . . . the sheriff is liable as bail ; but the sheriff may, except in an action to recover a chattel, discharge himself from liability, by the giving and justification of bail," &c.

The bail attempted to be given by Auchise not having justified, under the provisions of the foregoing section, the sheriff became liable as bail.

Section 595 provides as follows :—" Where the sheriff is liable as bail he has all the rights and privileges and is subject to all the duties and liabilities of bail; and bail given by him, in order to discharge himself from liability, must be regarded as the bail of the defendant in the action ; " but this section does not apply to an action to recover a chattel, or to a case where a defense arises to an action against the bail in consequence of an act or omission of the sheriff.

By section 600 it is provided, " If the defendant in the original action after his discharge upon bail is imprisoned, either within or without the state, upon a criminal charge, or a conviction of a criminal offense, the court, in which an action against the bail is pending, may, before the expiration of the time to answer, and upon notice to the adverse party, make such an order for the relief of the bail as justice requires."

It seems to us that the words, " after his discharge upon bail," mean after his discharge in such a manner upon bail as relieves the sheriff from liability.

The provisions of section 587 are that the sheriff is discharged from liability only upon justification of the bail, if it is not accepted.

In the case at bar no bail ever justified, and the sheriff therefore became liable as bail. It is true that by section 595 it is provided that where the sheriff is liable as bail he has all the rights and privileges, and is subject to all the duties and liabilities of bail; but section 600 especially limits the right to apply for and obtain the relief provided for by that section to the case where a defendant after his discharge *upon bail* is imprisoned, &c. Such discharge is a discharge without the consent of the sheriff: he cannot be surrendered: and relieves the sheriff from all liability.

In the case at bar, as has already been said, the defendant in the original action was never discharged upon bail, and

was never entitled to go at large so as to provide himself with a home in a prison in a foreign state.

We are of the opinion, therefore, that the order appealed from should be affirmed, with costs and disbursements, to abide the final event of the action.

BEACH, J., concurred.

Order affirmed, with costs to abide event.